# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRITCHETT CONTROLS, INC. | : | |
| | : | |
| v. | : | Civil No. CCB-17-2089 |
| | : | |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY | : | |
| | : | |

## MEMORANDUM

Pritchett Controls, Inc. ("Pritchett") has sued Hartford Accident and Indemnity Company ("Hartford") for payment under the Maryland Little Miller Act, Md. Code, State Fin. & Proc. §§ 17-101, *et seq*. Now pending before the court are Hartford's motions to extend time in which to file a responsive pleading, *nunc pro tunc*, and to dismiss pursuant to the doctrine of *forum non conveniens*. The motions have been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6. For the reasons explained below, the motion for extension of time will be granted, and the motion to dismiss will be denied.

## BACKGROUND

In August 2015, Pritchett was hired by general contractor James W. Ancel, Inc. ("JWA") as a subcontractor on a construction project located in Baltimore, Maryland for the Maryland Transit Authority. Compl. ¶ 6-8. To comply with the Maryland Little Miller Act, JWA procured a payment bond from Hartford for the project. *Id.* at ¶ 7. While performing its work on the project, Pritchett submitted twelve applications for payment totaling $744,799.00. *Id.* at ¶ 10-11. Pritchett completed its work on March 16, 2017. *Id.* at ¶ 14. Pritchett has not received any

1

payment for its work on the project. *Id.* at ¶ 17. On May 11, 2017, Prtichett submitted a Notice of Claim and Demand against the Payment Bond to Hartford. *Id.* at ¶ 19; *see also* Ex. 5, ECF No. 1-6. As neither JWA nor Hartford paid Pritchett, Pritchett filed this suit against Hartford on July 25, 2017 for payment under the payment bond of its twelve applications for payment and accrued interest. Compl. ¶21, 29-30.

The subcontract between JWA and Pritchett contained a forum selection clause stating,

> "[A]ny actions or lawsuits arising hereunder to the extent permitted by law shall be brought in the District or County where Contractor's principal office is located without regard to principles of conflicts of laws or forum non-convenience [*sic*]."

Ex. B. ¶ 37, ECF No. 1-2. JWA's principal office is located in Towson, Maryland. *Id.* at 1; Ex. A at 1, ECF No. 1-1. Towson is within Baltimore County and within the District of Maryland.

On September 19, 2017, Hartford filed a motion to dismiss pursuant to the doctrine of *forum non conveniens*. ECF No. 9. Pritchett filed its response on October 3. ECF No. 11. Hartford filed a motion for extension of time to file a responsive pleading, *nunc pro turc*, on October 12 and its reply regarding the motion to dismiss on October 17. ECF Nos. 12, 15. On October 25, Pritchett filed a response in opposition to the motion for extension of time. ECF No. 16. On November 8, Hartford filed both its answer to Pritchett's complaint and its reply regarding the motion for extension of time. ECF Nos. 17, 18.

## ANALYSIS

**A. Motion to Extend Time for Filing of Responsive Pleading**, *Nunc Pro Tunc*

A motion for extension of time is evaluated under Fed. R. Civ. P. 6(b)(1), which permits the court to grant an extension when a "party failed to act because of excusable neglect." Fed R. Civ.P. 6(b)(1)(B); *see also In re MI Windows and Doors Inc.,* 860 F.3d 218, 226 (4th Cir. 2017).

The Supreme Court has identified four factors to determine "excusable neglect:"

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Further, "[N]o factor is dispositive, and while inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (citing *Pioneer Investment*, 507 U.S. at 392) (internal quotation marks omitted). In determining what type of mistake qualifies as excusable neglect, courts have distinguished between instances where the error was intentional and instances where the error was inadvertent. *Compare Martinez v. U.S.*, 578 Fed. Appx. 192, 194 (4th Cir. 2014) (affirming a finding of no excusable neglect when plaintiff's attorney was "clearly aware" of an error that led to failure to timely serve process) *with Fernandes v. Crane*, 538 Fed.Appx. 274, 276 (4th Cir. 2013) (remanding for further consideration a finding of no excusable neglect where there was no indication plaintiff's lawyer was aware of or willfully blind to errors that led to missing a filing deadline).[1]

In its response to the motion to dismiss, Pritchett argued that Hartford's motion was untimely, as the deadline for filing responsive pleadings was September 21, 2017. Resp. Mot. Dismiss ¶ 12. Hartford filed its motion for extension of time, in which it explained it had made an error calculating the date responsive pleadings were due, and had filed its motion to dismiss seven days late, on what it believed was the deadline. *See* Mot. Extend Time File Responsive Pleading, ECF No. 12. Pritchett argued that Hartford failed to demonstrate excusable neglect

---

[1] Unpublished opinions are cited not as precedent, but for the soundness of their reasoning.

because its mistake was avoidable, and that it has been unfairly prejudiced by the untimely motion. *See* Resp. Opp. Mot. Extend Time at 5-8, ECF No. 16. Pritchett requested that the court strike the motion and order Hartford to file an answer. *Id.* at 9. In its reply, Hartford notes that it has now filed its answer, as requested by Pritchett. It argues that its motion to dismiss was "timely filed as an appropriate preliminary motion but untimely as a responsive pleading." Reply Pl.'s Resp. Opp. Mot. Extend Time at 8.

Here, there is no danger of prejudice to Pritchett in permitting the time extension by a mere seven days. Hartford has already filed its answer, which was Pritchett's main request for relief in its opposition. Pritchett has been able to fully respond to the motion to dismiss, and the amount of delay in ultimate resolution of the case has been negligible. Second, and relatedly, the length of delay was very short and granting the extension has no impact on further judicial proceedings. The motion to dismiss has been fully briefed by both sides, and will be decided in the same order as the order granting the extension. Third, although the delay was within the control of the movant, it appears to have been an inadvertent error. Hartford filed the motion by the deadline it believed to apply. Fourth, there is no indication Hartford acted in bad faith. Applying the four factors, the court finds that Hartford demonstrated excusable neglect, owing primarily to the very small length of delay and very minor impact on proceedings. The motion to extend time *nunc pro tunc* will be granted.

### B. Motion to Dismiss Pursuant to *Forum Non Conveniens*

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, the Supreme Court held that "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non*

*conveniens.*" 134 S. Ct. 568, 580 (2013). "In analyzing forum selection clauses, courts begin by determining whether the limitation provided in the clause is one of sovereignty or geography." *Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F.Supp.2d 807, 810 (D.Md. 2008) (citing *Ferri Contracting Co. v. Town of Masontown,* 2003 WL 22244905 at *1-2 (4th Cir. Sept. 29, 2003) (per curiam) (some citations omitted)). Forum selection clauses that limit jurisdiction with the phrase "in [a location]" have been held to refer to a geographic restriction, while clauses with the phrase "of [a location]" indicate a restriction of sovereignty. "[F]orum selection clauses that use the term 'in a state' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state." *Findwhere Holdings, Inc. v. Systems Environment Optimization, LLC,* 625 F.3d 752, 755 (4th Cir. 2010).

Hartford argues that as surety, it has a right to all defenses available to the general contractor JWA, including the use of the forum selection clause in the subcontract between JWA and Pritchett. It continues that this forum selection clause permits venue only in Baltimore County, and as there is no federal courthouse located in Baltimore County, the case must be dismissed and re-filed in the Circuit Court for Baltimore County. *See* Mot. Dismiss, ECF No. 9. Pritchett argues that the forum selection clause contained in the subcontract is inapplicable to suits under the payment bond, and that even if the clause were to apply, venue would be proper under the language of the clause.

The court assumes, without deciding, that the forum selection clause contained in the subcontract would be applicable to suits under the payment bond. But the clause does not

5

preclude litigation in the U.S. District Court for the District of Maryland. The forum selection clause requires that suits be brought "in the District or County where Contractor's principal office is located." The use of "in" indicates a restriction to a geographical area, not a limitation on which court system has sovereignty. *See FindWhere Holdings Inc.,* 625 F.3d at 755.

The parties contest the meaning of the phrase "District or County" in the forum selection clause. Hartford argues that "District" is an alternative geographic designation to "County," and that the two words functionally have the same definition of state-level geographic boundaries in this context. *See* Reply Resp. Opp. Mot. Dismiss at 12-13, ECF No. 15. Pritchett argues that "District" contemplates federal district courts as distinct from "County," which contemplates state-level courts. Resp. Opp. Mot. Dismiss at 13-16, ECF No. 11.

Pritchett's interpretation is consistent with similar language that has been interpreted by this court. *See United Corrosion Control, LLC v. G-W Management Services, LLC*, 2016 WL 6610393 (D. Md. Nov. 9, 2016) (permitting venue in the District of Maryland where the forum selection clause stated "any actions or lawsuits arising hereunder to the extent permitted by law shall be brought in the District where Contractor's principal office is located"). Hartford attempts to distinguish this case by noting that *United Corrosion* was a federal Miller Act case where jurisdiction was only proper in federal courts. Here, Hartford argues, the parties are governed by Maryland's Little Miller Act, which sets venue for cases in the courts of Maryland, so the phrase "District or County" should be read as only referring to state boundary lines.

State statutes setting venue in state courts do not preclude federal diversity jurisdiction.[2] *See Gross v. Weingarten*, 217 F.3d 208, 221 (4th Cir. 2000) (stating "The Supreme Court has repeatedly and unequivocally rejected the [ ] contention that a state may oust the federal courts of

---

[2] Neither side contests the presence of diversity jurisdiction in this case.

jurisdiction by creating an exclusive forum for claims against an estate"). Interpreting the contract in context, it is therefore reasonable that the contracting parties contemplated the appropriate venue being in both federal and state courts, and meant "District or County" to encompass both possible venues. In addition, in the context of judicial forum selection, "District" is commonly understood to mean federal judicial districts. Even further, the lack of other possible state-level geographic boundaries being mentioned in the clause (such as borough or parish, as suggested by Hartford) weighs against Hartford's interpretation of "District or County" as referring only to whatever geographic demarcation term is used by the principal contractor's state. Therefore, giving the phrase "District or County" its plain meaning in this context unambiguously provides for an appropriate venue in the District of Maryland, and dismissal pursuant to *forum non conveniens* based on this clause would be inappropriate.

## CONCLUSION

For the reasons stated above, Hartford's motion to extend time to file a responsive pleading, *nunc pro tunc* will be granted. Hartford's motion to dismiss pursuant to *forum non conveniens* will be denied.

A separate order follows.

__11/21/2017_____         _____/S/_____
Date                             Catherine C. Blake
                                United States District Judge